PICK & BOYDSTON, LLP
BRIAN D. BOYDSTON, ESQ., CA Bar No. 155614
Brianb@ix.netcom.com
10786 Le Conte Ave.
Los Angeles, California 90024
Telephone: (213) 624-1996

Attorneys for Plaintiff Patrick J. Reiten MD FACS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. REITEN MD FACS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, dba ANTHEM BLUE CROSS, a California Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:18-cv-7433-PA-PLA<br><br>**OPPOSITION TO MOTION TO DISMISS** |

Plaintiff Patrick J. Reiten, MD, FACS ("Reiten") hereby opposes the motion to dismiss filed by Defendant Blue Cross of California, dba Anthem Blue Cross ("Blue Cross").

**OPPOSITION TO MOTION TO DISMISS**

# TABLE OF CONTENTS

**INTRODUCTION**……………………………………………………… 5

**ARGUMENT**…………………………………………………………… 7

    **A. Reiten has Properly Alleged a Claim for Quantum Meriut**.............. 7

    **B. Reiten should be Given Leave to Amend the Claims Regarding**

        **ERISA Patients**……………………………………………… 11

**CONCLUSION**………………………………………………………… 15

# TABLE OF AUTHORITIES

**Federal Cases** Page(s)

Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co.,

2016 WL 7626446 (C.D. Cal. 2016) ………………………………..…… 10

Community Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co.,

119 F. Supp. 3d 1042 (N.D. Cal. 2015)………………………………….. 10

Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989) ……... 14

In re U.S. Healthcare, Inc., 193 F.3d 151 (3rd Cir. 1999)………………. 11

Kearney v. Standard Ins. Co., 175 F.3d 1084 (9th Cir. 1999)…………... 14

Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008)……………….. 14

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)…………… 12, 13

Misic v. Building Service Employees Health and Welfare Trust,

789 F.2d 1374 (9th Cir. 1986)…………………………………………… 11, 12

Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987)…………………. 11

Simon v. Value Behavioral Health, Inc., 208 F.3d 1073 (9th Cir. 2000)…. 13

Summit Estate, Inc. v. Cigna Healthcare of California, Inc.,

WL 4517111 (N.D. Dal. 2017) ……………………………………….…… 10

Thomas v. Oregon Fruit Prods. , 228 F.3d 991 (9th Cir. 2000)…………... 14

1  **California Cases**                                                           Page(s)

2  Bell v. Blue Cross of Cal., 131 Cal.App.4th 211 (2005)………………… 8, 9

3
4  Day v. Alta Bates Med. Ctr., 98 Cal. App. 4th 243 (2002) ……………….. 9

5  Haggerty v. Warner, 115 Cal.App.2d 468 (1953)………………………… 7

6  Ochs v. PacifiCare of Calif., 115 Cal.App.4th 782 (2004)……………….. 7

7
8  Orthopedic Specialists of S. Cal. v. Cal. Pub. Emp. Ret. Sys.,

9  228 Cal. App. 4th 644 (2014) ……………………………………………….. 10

10
11 Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.,

12 12 Cal. App. 5th 200 (2017) …………………………………………………… 10

13
14 Producers Cotton Oil Co. v. Amstar Corp., 197 Cal.App.3d 638 (1988)… 7

15 Prospect Med. Group v. Northridge Emergency Med. Group,

16 45 Cal.4th 497 (2009)………………………………………………………….. 8

17
18
19
20 **Federal Statutes**                                                           Page(s)

21
22 ERISA Section 502(a) …………………………………………………… 6, 12, 13

23 28 U.S.C. § 1331………………………………………………………………. 13

24
25 28 U.S.C. § 1441(b) ……………………………………………………….. 13

26
27
28

**California Statutes**                                                                 Page(s)

Civ. Code, Section 3521……………………………………………….. 9


**Treatises**                                                                           Page(s)

Rest., Restitution, Section 114 (1937) ………………………………… 9

**OPPOSITION TO MOTION TO DISMISS**

# INTRODUCTION

This case concerns emergency medical services provided by Reiten to patients insured by Blue Cross. Dr. Reiten is an emergency room surgeon and his medical practice exclusively concerns the provision of emergency medical services to people who require immediate surgery to avoid death. This case concerns emergency medical services provided by Reiten to patients insured by Blue Cross.

For the patients at issue here, Dr. Reiten performed emergency surgery, saved the patients' lives, and then billed Blue Cross. As Reiten has no standing contract with Blue Cross, Reiten billed Blue Cross at his regular rates for the services he performed. For each of the patients at issue here, Blue Cross paid Reiten a small fraction of the amount billed, and, after receiving and rejecting several appeals from Reiten for additional payment, refused to pay Reiten anything further, leaving Reiten unpaid in the amount of $334,291.18. As a result, Reiten filed suit against Blue Cross.

Once served with the complaint herein, Blue Cross removed the action to federal court on the grounds that five of the patients at issue were enrolled in medical insurance plans governed by the Employee Retirement Income Security Act ("ERISA").

Then, Blue Cross filed this motion, contending that (1) it should be dismissed as to the claims regarding all the patients on the grounds that the complaint failed to allege a valid cause of action for quantum meruit, and (2) that the claims regarding the five patients enrolled in ERISA plans should also be dismissed because the complaint fails to allege a valid cause of action pursuant to ERISA.

Blue Cross's first argument is based on inapposite case law dealing with non-emergency services like substance abuse treatment, and/or causes of action other than quantum meruit, resulting in an inaccurately narrow interpretation of common law quantum meruit principles, which flies in the face of the relevant California court of appeal decisions. It is also an interpretation, which, if accurate, would make it impossible for emergency room physicians to compel insurers of emergency room patients to pay for emergency medical services provided to their insureds. Such an absurd state of affairs simply does not exist.

Blue Cross's second argument as to ERISA preemption is more or less accurate, however, rather than dooming Reiten's claims, Reiten can simply amend the complaint to allege claims pursuant to Section 502(a) of ERISA, a circumstance common to actions such as this one.

**OPPOSITION TO MOTION TO DISMISS**

Therefore, the motion should be denied was to the non-ERISA claims, and granted with leave to amend as to the claims regarding the five ERISA patients.

## ARGUMENT

**A. Reiten has Properly Alleged a Claim for Quantum Meriut.**

The gravamen of Blue Cross' first argument is that Blue Cross never asked Reiten to perform the life saving emergency room services Dr. Reiten performed on Blue Cross' patients. In a non-emergency setting, this might be a reasonable point; in an emergency room setting, it is not and borders on the frivolous.

A claim for quantum meruit stands for work, labor or services rendered pursuant to the debtor's express *or implied* request, when the work, labor or services were intended to and did benefit the debtor. See Ochs v. PacifiCare of Calif., 115 Cal.App.4th 782, 794 (2004), and Haggerty v. Warner, 115 Cal.App.2d 468, 475 (1953). One court described a quantum meruit claim as one where "[a] recipient of services performed either requested or acquiesced in them...." (Producers Cotton Oil Co. v. Amstar Corp., 197 Cal.App.3d 638, 659 (1988). Therefore, since the "request" for services may be "implied", the allegations of the complaint satisfy the first element of a quantum meruit claim.

-7-

**OPPOSITION TO MOTION TO DISMISS**

Not surprisingly, courts have acknowledged that when a person staggers into an emergency room requiring emergency medical care, there is an implied request by their insurer, who is contractually bound to the patient to provide medical care for the patient, to treat the insured patient, and that such circumstances give rise to a quantum meruit claim directly against insured patients' insurers.  See Prospect Med. Group v. Northridge Emergency Med. Group, 45 Cal.4th 497, 505-506 (2009) ("the Department of Managed Health Care argued in Bell, and the Court of Appeal concluded, that doctors may directly sue HMO's to resolve billing disputes in order to *avoid* the necessity of balance billing", Id. at 507-508), 87 Cal. Rptr.3d 299, Bell v. Blue Cross of Cal., 131 Cal.App.4th 211 (2005).

Blue Cross suggests that Reiten's claim is invalid because, as noted, Blue Cross did not request such services, and also that Blue Cross did not receive the services itself, or benefit from them.  However, this argument has been raised by insurers and rejected because it ignores the fact that quantum meruit claims lie not only against parties who receive services, ***but also against "other" parties who were obligated to perform the services rendered***.  Blue Cross' entire line of argument ignores this "other" aspect of quantum meruit law.

As thoroughly explained in Bell:

-8-

**OPPOSITION TO MOTION TO DISMISS**

> "We reject Blue Cross's contention that Dr. Bell has no implied-in-law right to recover for the reasonable value of his services. 'He who takes the benefit must bear the burden' (Civ. Code, Section 3521), and he who has '*__performed the duty of another__ by supplying a third person with necessaries, although acting without the other's knowledge or consent*, *is entitled to restitution from the other therefore* if (a) he acted unofficiously and with intent to charge therefor, and (b) the things or services supplied were immediately necessary to prevent serious bodily harm to or suffering by such person.' (Rest., Restitution, Section 114 (1937), quoted in <u>California Emergency Physicians Medical Group v. PacifiCare of California</u>, *supra*, 111 Cal.App.4th at p. 1137, fn. 3.)"

<u>Bell v. Blue Cross of Cal.</u>, 131 Cal.App.4th at 221 (2005).  [emphasis added]

As the highlighted language makes clear, a quantum meruit claim lies not only against the patients treated by Dr. Reiten, but also as to "the other", in this case Blue Cross, which had a "duty" to provide their insureds with medical care.

The cases cited by Blue Cross in its papers do not contradict these obvious principles; rather, they are entirely inapposite.

-<u>Day v. Alta Bates Med. Ctr.</u>, 98 Cal. App. 4th 243 (2002) does not even concern a claim for medical benefits, let alone emergency room benefits (it

-9-

**OPPOSITION TO MOTION TO DISMISS**

concerns a lien in a malpractice case).

-Community Hosp. of the Monterey Peninsula v. Aetna Life Ins. Co., 119 F. Supp. 3d 1042 (N.D. Cal. 2015) concerned several causes of action which were defeated, including a common count for services rendered, but no quantum meruit claim (interestingly, the closest claim to quantum meruit was a common count open book claim, which the court did not dismiss, but ordered to trial).

-The rest (Barlow Respiratory Hosp. v. Cigna Health & Life Ins. Co., 2016 WL 7626446 (C.D. Cal. 2016), Summit Estate, Inc. v. Cigna Healthcare of California, Inc., WL 4517111 (N.D. Dal. 2017), Orthopedic Specialists of S. Cal. v. Cal. Pub. Emp. Ret. Sys., 228 Cal. App. 4th 644 (2014), and Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc., 12 Cal. App. 5th 200 (2017)) concerned non-emergency room services such as substance abuse treatment (see Summit and Pac. Bay), in which the parties had the opportunity to haggle back and forth.  Not surprisingly, as a result, in such completely different circumstances from those at issue here, in those cases the courts sensibly rejected quantum meruit claims.

As a result, Reiten has sufficiently pled a claim for quantum meruit and Blue Cross motion should be denied as to the claims which relate to non-ERISA patients.

-10-

**OPPOSITION TO MOTION TO DISMISS**

### B. Reiten should be Given Leave to Amend the Claims Regarding ERISA Patients.

Reiten does not contest that as to its claims regarding five patients who are members of an ERISA health plan, Reiten's state law quantum meruit claims are pre-empted.

However, contrary to the implication of Blue Cross, ERISA pre-emption in a case like this is not a "kiss of death", but merely requires state law claims to be "re-characterized" as federal claims. Specifically, federal case law consistently provides that medical providers in Dr. Reiten's position are proper plaintiffs in a §502(a) claim where the relevant patient has assigned its rights to the medical provider.

This issue has come up and been thoroughly hashed out in the federal appellate courts *See*, e.g., Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41 (1987), and Misic v. Building Service Employees Health and Welfare Trust, (9th Cir. 1986) 789 F.2d 1374, as well as In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3rd Cir. 1999) (state law claims are "'necessarily federal and in character', and thus are converted to federal claims").

While it is true that, normally, only participants or beneficiaries can sue under ERISA, an exception is recognized for health care providers to whom beneficiaries have assigned their benefit claims after receiving medical care.

-11-

**OPPOSITION TO MOTION TO DISMISS**

Such providers are deemed to have "derivative standing" under ERISA because this avoids forcing beneficiaries to front their bills and sue for reimbursement, and thus furthers Congress' goal of enhancing employees' health and welfare benefit coverage.

Specifically, in <u>Misic v. Building Service Employees Health & Welfare Trust</u>, 789 F.2d 1374(9th Cir. 1986), the Ninth Circuit acknowledged that medical providers have standing under ERISA to sue health plans as assignees of their patients, and noted that it furthered the Congressional goal ERISA by avoiding the forcing of beneficiaries, i.e., patients, to front their bills and sue for reimbursement. *See* <u>Misic</u> at 1376-1379.

Consistent therewith, in <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58 (1987), the United States Supreme Court held that when an ERISA plan beneficiary sues its plan under state law for non payment or under payment of benefits, ERISA preemption of such claims does not extinguish any and all remedies of the beneficiary; rather, it forces such state law claims to be "re-characterized" as federal claims under §502(a) of ERISA".

> "The question therefore resolves itself into whether or not the Avco principle can be extended to statutes other than the LMRA in order to recharacterize a state law complaint displaced by § 502(a)(1)(B) as an action arising under federal law."

-12-

**OPPOSITION TO MOTION TO DISMISS**

Metropolitan Life, at 64.

"Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the . . . laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the Blue Cross, 28 U.S.C. § 1441(b)."

Metropolitan Life, at 67.

It has been further observed that such treatment of such claims helps assure healthcare providers' willingness to provide health care for ERISA beneficiaries, since otherwise they would be without a remedy in the event of non-payment. *See* Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1081 (9th Cir. 2000).

The elements of a § 502(a) claim are as follows:

"Persons empowered to bring a civil action

A civil action may be brought -

    (1) by a participant or beneficiary -

        (A) for the relief provided for in subsection (c) of this section,

or

        (B) **to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan**, or to clarify his rights to future benefits under the terms of the plan . . ."

-13-

**OPPOSITION TO MOTION TO DISMISS**

[emphasis added]

Here, if given leave to amend, Reiten shall allege that:

-the five patient's concerned are enrollees of their respective plans,

-the five patients needed and were provided with medically necessary emergency care; and

-that Blue Cross failed to pay those patient's benefits in the form of the charges for the medical care provided by Reiten to the patients.

For the claims regarding those patients, the question for trial will be whether or not Blue Cross abused its discretion in failing to pay Patient GG's medical fees. *See e.g.*, Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989); Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 111 (2008); Thomas v. Oregon Fruit Prods., 228 F.3d 991, 995-96 (9th Cir. 2000); and Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090 (9th Cir. 1999).

Therefore, Reiten must be allowed to amend its claims regarding the five ERISA patients.

## CONCLUSION

Blue Cross' motion should be dismissed with regard to Reiten's claims regarding the non-ERISA patients at issue, and granted with leave to amend as to the five ERISA patients.

Case 2:18-cv-07433-PA-PLA   Document 14   Filed 10/08/18   Page 16 of 16   Page ID #:226

| | |
|---|---|
| DATED:  October  8, 2018 | Respectfully submitted, |
| | PICK & BOYDSTON, LLP |
| | By    /s/ <br>      BRIAN D. BOYDSTON |
| | Attorneys for Plaintiff Patrick Reiten MD FACS |

-15-

**OPPOSITION TO MOTION TO DISMISS**